JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| NICOLE MARIE SARTIN, | ) | NO. CV 08-05878 SJO (CTx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br>[Docket No. 33] |
| THE CITY OF PASADENA, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant City of Pasadena's ("Pasadena") Motion to Dismiss Third Amended Complaint, filed June 8, 2009. Plaintiffs Nicole Marie Sartin and Axxess Fashion have not responded to the Motion. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for October 14, 2008. *See* Fed. R. Civ. P. 78(b). Because of the following reasons, Pasadena's Motion is GRANTED.

I.  BACKGROUND

Plaintiffs Nicole Marie Sartin and Axxess Fashion (collectively "Sartin") brought suit against Pasadena alleging $910 million in damages for "abuse of proprietary information" stemming from a city official's purported theft of Axxess Fashion's business mail. (*See generally* "Pl.'s Legal Report.") In October 2008, February 2009, and April 2009, the Court granted Pasadena's Motions to Dismiss for failure to state a claim, with leave to amend. (*See* Orders of Oct. 15, 2008, Feb. 26,

2009, April 24, 2009.) In these orders, the Court advised Sartin that: (1) she must comply with Federal Rule of Civil Procedure ("Rule") 8(a)(2) by providing a "short and plain statement" of her claims; (2) conclusory allegations were insufficient; (3) Axxess Fashion cannot represent itself because it is a corporation (*see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); L.R. 83-2.10.1); and (4) failure to cure these defects would result in dismissal of the action with prejudice.

Sartin filed a Third Amended Complaint ("TAC"), and Pasadena now moves to dismiss pursuant to Rule 12(b)(6).

II.     DISCUSSION

Rule 8(a)(2) requires that a pleading set forth "a short and plain statement of the claim that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). A complaint is sufficient if it gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). A court accepts the non-moving party's material allegations as true and construes them in the light most favorable to the non-moving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Dismissal is proper if the claim lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In pleading sufficient facts, a party must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555. Likewise, "the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled." *Henderson v. Felker*, No. 06-1325, 2008 U.S. Dist. LEXIS 16518, at *14 (E.D. Cal. Mar. 4, 2008).

Here, the Court explicitly ordered Sartin on multiple occasions to file an amended complaint that complied with Rule 8(a)(2). Yet, Sartin's TAC falls far short of compliance with the Court's orders and Rule 8(a)(2). The TAC fails to set forth a short or plain statement of facts that support any cognizable legal theory. Rather, Sartin makes conclusory statements of law with no indication of what acts constitute the alleged wrongs that would entitle her to relief. Sartin "requests that the court consider prerequisites for liability under 42 U.S.C. § 1983(3)," states that Pasadena "has a responsibility to uphold laws relative to improper behavior and unfair competition including the Sherman Antitrust Act of 1890 as well as the Clayton Act and the Robinson-Patman Act of 1936," and discusses a multitude of cases concerning various areas of law, including emotional distress, sexual harassment, and mail fraud. (TAC 2-5.) Sartin also states that "the defendant allowed behavior which: a) violated the United States Constitution; b) constituted fraud, willful misrepresentation, negligence, and/or concealment; c) constituted erroneous conduct; and d) constituted intentional and/or negligent infliction of emotional distress." (TAC 3.) As she did in her three prior complaints, Sartin alleges a multitude of other statutory violations and torts, with no factual support for any of these claims. Among others, she lists "defamation, trespass, assault, negligence, false imprisonment, invasion of privacy, the Wiretap Statute, Electronic Communications Privacy Act, Computer Fraud and Abuse Act, Foreign Intelligence Surveillance Act, Bank Secrecy Act, Right to Financial Privacy Act, Family Education Rights and Privacy Act, Fair Credit Reporting Act, Identity Theft Act, Ralph Act, USA Patriot Act and Fourth Amendment to the United States Constitution." (TAC 1.) The only factual allegations Sartin provides consist of the failure of her business and vague allegations that Pasadena did not help her protect or relocate her store:

> "The basis of this case lies within the fact that the Plaintiff was a tax paying business owner residing in the City of Pasadena who complained and reported crimes against her and her business happening in the City of Pasadena by Pasadena community leaders over a period of three years; while no attempts were made to research, regulate or control the situation, the Plaintiff was forced to close her retail store or risk further abuse. The principle in this case stems from the fact that the City of Pasadena made no attempt to warn or assist the Plaintiff with protection or relocation of her business during the attack or after the forced closure of the retail store."

(TAC 2.) Insofar as these statements can be construed as factual allegations, they in no way support any cognizable legal theory.  Even under the liberal pro se pleading standards, these statements and Sartin's laundry list of laws and torts are insufficient to make relief plausible or put Pasadena on notice of the grounds for Sartin's claims.  *See Bell Atl. Corp.*, 127 S. Ct. at 1965; *see also Henderson*, 2008 U.S. Dist. LEXIS 16518, at *14.  Therefore, the Court GRANTS Pasadena's Motion to Dismiss.

The Court has provided Sartin with three chances to cure the defects in her complaints.  However, despite the Court's best efforts to allow Sartin's claim to remain before it, Sartin has failed to provide the Court with a complaint that complies with Rule 8(a)(2) or that alleges sufficient facts under a cognizable legal theory.  Accordingly, the Court GRANTS Pasadena's Motion to Dismiss, with prejudice.

III.   RULING

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss.  Sartin's TAC is hereby DISMISSED.

IT IS SO ORDERED.

Dated: July 9, 2009

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE